UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ANDREA ELECTRONICS CORPORATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 2:14-cv-4492 |
| v. | ) ) ) | **COMPLAINT** |
| TOSHIBA CORPORATION, TOSHIBA AMERICA, INC., and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants | ) ) ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Andrea Electronics Corporation ("Andrea"), by and through its counsel, Pepper Hamilton LLP, for its Complaint against defendants Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc. (collectively, "Toshiba" or "Defendants") alleges as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin infringement and obtain damages resulting from Defendants' unauthorized and ongoing actions, in the state of New York and elsewhere, of making, having made, using, selling, having sold, offering to sell, and/or importing or having imported into the United States, certain personal computer products that infringe one or more claims in U.S. Patent No. 5,825,898 (the "'898 Patent"), U.S. Patent No. 6,049,607

1

(the "'607 Patent"), U.S. Patent No. 6,363,345 (the "'345 Patent"), and U.S. Patent No. 6,483,923 (the "'923 Patent") (collectively, the "Asserted Patents").

2. This is an action for direct infringement. Upon information and belief, Defendants make, have made, use, sell, offer to sell, and/or import or have imported into the United States certain personal computer products including, but not limited to, notebooks, laptops, all-in-ones, and tablets that infringe one or more of the Asserted Patents, either literally or under the doctrine of equivalents.

## THE PARTIES

3. Plaintiff Andrea is a New York corporation with its principal place of business at 65 Orville Drive, Suit One, Bohemia, New York 11716.

4. Upon information and belief, Toshiba Corporation is a corporation organized and existing under the laws of Japan, with its principal place of business at 1-1-1 Shibaura, Toshiba Bldg., 105-0023 Minato-Ku, 105-0023 Tokyo, Japan.

5. Upon information and belief, Toshiba America, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business at 1251 Avenue of Americas, Ste. 4110, New York, New York 10020. Upon information and belief, Toshiba America, Inc. is a subsidiary of, or in the alternative, is controlled by Toshiba Corporation. Toshiba America, Inc. may be served through its registered agent for service of process, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

6. Upon information and belief, Toshiba America Information Systems, Inc. is a United States corporation organized under the laws of Delaware headquartered at 9740 Irvine Boulevard, Irvine, California 92618. Upon information and belief, Toshiba America Information Systems, Inc. is a subsidiary of, or in the alternative, is controlled by Toshiba

2

America, Inc. Toshiba America Information Systems, Inc. may be served through its registered agent for service of process, The Corporation Trust Company, at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

7. This is an action for patent infringement. Federal Question jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1338(a).

8. Personal jurisdiction is proper in the Eastern District of New York under 28 U.S.C. §§ 1391(b) and (c) with respect to Defendants, because each Defendant has had at least the requisite minimum contacts with the Eastern District of New York such that venue is fair and reasonable.

9. Upon information and belief, Defendants are subject to personal jurisdiction in the Eastern District of New York because they regularly transact business in this judicial district by, among other things, offering their products to customers, business affiliates, and/or partners located in this judicial district. In addition, Defendants have committed acts of direct infringement of one or more claims of one or more Asserted Patents in this judicial district. Infringing products made and sold by Defendants including, but not limited to, notebooks, laptops, all-in-ones, and tablets are widely advertised in New York and are readily available at numerous retail locations throughout the state, including within the Eastern District of New York. Upon information and belief, Defendants make ongoing and continuous shipments of infringing products into the Eastern District of New York and maintain an established distribution network that encompasses New York. Infringing products are manufactured by Defendants, or at their direction, and are used or consumed within this State in the ordinary course of trade.

10. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. § 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district. Additionally, Plaintiff's principal place of business is located in this judicial district.

## BACKGROUND AND FACTS RELATED TO THIS ACTION

11. Andrea is a leading industry developer of product solutions which optimize the performance of voice user interfaces and has a decorated history deeply rooted in the state of New York. Its technology has been applied to products related to, among other things, VoIP, video conferencing, speech recognition, computer gaming, in-car computing and 3D audio recording.

12. The leadership of Andrea has spanned three familial generations over 80 years, and the company has been headquartered in the Long Island community since 1934. Andrea's products are featured in the Henry Ford Museum and Smithsonian National Museum of American History.

13. In the early 1900s, Frank Andrea, an Italian immigrant, started his business career. He began as an electroplater for I.P. Frink manufacturing company and studied at night as a tool maker and machinist at the Mechanics Institute in New York City. In 1913 he joined the Frederick Pierce Company and, after the outbreak of World War I, worked to design tools to manufacture parts for a new aircraft radio receiver that he had built. Mr. Andrea soon thereafter started his own company, FADA.

14. As founder of FADA, Mr. Andrea employed his family members, including his 16 year-old brother, John. FADA picked up momentum when Mr. Andrea convinced Marconi, the predecessor of RCA, to place an order for radio parts. FADA began

manufacturing parts for crystal sets and "Do It Yourself" kits. FADA also soon began manufacturing parts such as sockets and rheostats for tube type radios.

15. After selling his controlling interest in FADA, Mr. Andrea founded the Andrea Radio Corporation ("Andrea Radio"). Andrea Radio's offerings evolved over time. In 1939, Andrea Radio developed and produced one of the first television sets, which was displayed at the World's Fair in Queens, New York. Andrea Radio sold TV kits and the first television console models that also housed a radio and phonograph. In 1954, Andrea Radio began developing a color television and introduced a set in 1957.

16. During the Second World War, the firm engaged in the production of military electronics. In 1942, Andrea Radio was presented with the prestigious high honors Navy E Award for manufacturing excellence and providing military audio communications equipment. In the early sixties, Andrea Radio developed and produced several types of high reliability intercommunication systems for installation in various military and commercial aircraft. Indeed, Andrea Radio produced the audio intercom system for Project Mercury's first manned spacecraft.

17. Mr. Andrea passed away in 1965, leaving his son, Frank Jr., to continue the Andrea business.

18. In the 1970s and 1980s, Andrea Radio became a premier supplier of high performance avionic intercom equipment for defense industry manufacturers, like Bell Helicopter, Boeing, Sikorsky and Lockheed, prompting Andrea Radio to change its name to Andrea Electronics Corporation. Andrea produced microphone audio pre-amplifiers for Navy aviators' oxygen mask helmet systems. The experience gained from producing audio

intercom systems for high noise environments paved the way for Andrea's emphasis on active noise cancellation.

19. Product development continued in the 1990s with Andrea producing the first Active Noise Canceling ("ANC") boom microphone computer headset for deployment with computer speech recognition. Andrea shipped millions of headsets and microphone products to software OEMs. In 1998, Andrea developed and produced the first digital array microphone for commercial use, providing hands-free voice command and control functionality. In 1999, Andrea developed and produced the first USB headset as well as the first desktop digital array microphone.

20. In the 2000s, Andrea broadened the application of its product offerings. In 2001, it developed and produced digital noise canceling array microphones for speech control systems in police cruisers. In 2002, Andrea revolutionized PC audio input by introducing the first stereo array microphone interface for integrated audio CODECs. By the late 2000s, Andrea had shipped over one million SuperBeam stereo array microphones and millions of DSDA stereo array microphone and EchoStop speakerphone products.

21. Andrea has continued its innovation and offers microphone and earphone technologies designed to enhance sound quality. Andrea, now led by Frank Andrea's grandson, Douglas Andrea, successfully transformed itself from a manufacturer of industrial and military intercommunication systems into a creator of cutting-edge audio technologies. Andrea incorporates its new patented technologies to enable natural language interfaces and enhance the performance of voice-related applications. Today, Andrea offers a variety of products incorporating its technologies such as headsets and headphones, microphones, software algorithms, USB audio solutions and related accessories. Since its inception, Andrea

has gone through a remarkable evolution as an audio technology leader, meeting the ever-changing needs of a demanding audio communications marketplace.

## COUNT I

### (Infringement of the '898 Patent)

22. Paragraphs 1 through 21 are incorporated by reference as if fully restated herein.

23. On October 28, 1998, United States Patent No. 5,825,898 (the "'898 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling." The '898 Patent is in full force and effect. A true and correct copy of the '898 Patent is attached hereto as Exhibit A and made part hereof.

24. Andrea is the owner of all right, title and interest in and to the '898 Patent, with the exclusive right to enforce the '898 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

25. The '898 Patent generally relates to signal processing. Specifically, the '898 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

26. Upon information and belief, Defendants – without authority, consent, right or license – manufacture, make, have made, use, sell, offer for sale, and/or import into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, at least one claim of the '898 patent.

27. As a result of Defendants' infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

28. Upon information and belief, Defendants will continue their infringement of the '898 Patent unless enjoined by the Court. Defendants' infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT II

### (Infringement of the '607 Patent)

29. Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30. On April 11, 2000, United States Patent No. 6,049,607 (the "'607 Patent") was duly and legally issued for "Interference Canceling Method and Apparatus." The '607 Patent is in full force and effect. A true and correct copy of the '607 Patent is attached hereto as Exhibit B and made part hereof.

31. Andrea is the owner of all right, title and interest in and to the '607 Patent, with the exclusive right to enforce the '607 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

32. The '607 Patent generally relates to an interference canceling method and apparatus. For instance, the '607 Patent discloses an echo canceling method and apparatus which provides echo-canceling in full duplex communication.

33. Upon information and belief, Defendants – without authority, consent, right or license – manufacture, make, have made, use, sell, offer for sale, and/or import into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, at least one claim of the '607 Patent.

34. As a result of Defendants' infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a

reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

35. Upon information and belief, Defendants will continue their infringement of the '607 Patent unless enjoined by the Court. Defendants' infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT III

### (Infringement of the '345 Patent)

36. Paragraphs 1 through 35 are incorporated by reference as if fully restated herein.

37. On March 26, 2002, United States Patent No. 6,363,345 (the "'345 Patent") was duly and legally issued for "System, Method and Apparatus for Cancelling Noise." The '345 Patent is in full force and effect. A true and correct copy of the '345 Patent is attached hereto as Exhibit C and made part hereof.

38. Andrea is the owner of all right, title and interest in and to the '345 Patent, with the exclusive right to enforce the '345 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

39. The '345 Patent generally relates to noise cancellation and reduction.

40. Upon information and belief, Defendants – without authority, consent, right or license – manufacture, make, have made, use, sell, offer for sale, and/or import into the United States certain personal computer products that directly infringe, either literally and/or under the doctrine of equivalents, at least one claim of the '345 Patent.

41. As a result of Defendants' infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a

9

reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

42. Upon information and belief, Defendants will continue their infringement of the '345 Patent unless enjoined by the Court. Defendants' infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## COUNT IV

### (Infringement of the '923 Patent)

43. Paragraphs 1 through 42 are incorporated by reference as if fully restated herein.

44. On November 19, 2002, United States Patent No. 6,483,923 (the "'923 Patent") was duly and legally issued for "System and Method for Adaptive Interference Cancelling." The '923 Patent is in full force and effect. A true and correct copy of the '923 Patent is attached hereto as Exhibit D and made part hereof.

45. Andrea is the owner of all right, title and interest in and to the '923 Patent, with the exclusive right to enforce the '923 Patent against infringers and the exclusive right to collect damages for all relevant times, including the right to prosecute this action.

46. The '923 Patent generally relates to signal processing. Specifically, the '923 Patent discloses an adaptive signal processing system and method for reducing interference in a received signal.

47. Upon information and belief, Defendants – without authority, consent, right or license – manufacture, make, have made, use, sell, offer for sale, and/or import into the United States certain personal computer products that infringe, either literally and/or under the doctrine of equivalents, at least one claim of the '923 Patent.

10

48. As a result of Defendants' infringing conduct, Andrea has suffered damages and will continue to suffer damages in an amount that, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

49. Upon information and belief, Defendants will continue their infringement of the '923 Patent unless enjoined by the Court. Defendants' infringing conduct has caused Andrea irreparable harm and will continue to cause such harm without the issuance of an injunction.

## **JURY DEMAND**

Andrea hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Wherefore, Andrea requests the following relief:

a. Judgment that one or more claims of the '898, '607, '345, and '923 Patents have been infringed either literally and/or under the doctrine of equivalents by Defendants;

b. Judgment that Defendants be held liable and ordered to account for and pay to Andrea:
   (1) Damages adequate to compensate Andrea for Defendants' infringement of the '898, '607, '345, and '923 Patents in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284.
   (2) Andrea's reasonable attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

(3) Andrea's pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. §284 and 15 U.S.C. § 1117(a).

c. Judgment that Defendants be permanently enjoined from any further conduct that infringes one or more claims of the '898, '607, '345, and '923 Patents; and

d. Judgment that Andrea be granted such other and further relief as the Court may deem just and proper under the circumstances.

Date: July 25, 2014

Respectfully submitted,

*Goutam Patnaik*

Goutam Patnaik
Tuhin Ganguly
Kelly E. Rose
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC 20005-2004
Tel: 202.220.1200
Fax: 202.220.1665

William D. Belanger
Suparna Datta
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
Tel: 617.204.5100
Fax: 617.204.5150

Counsel for Plaintiff
Andrea Electronics Corporation